IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MADJIED ALI SAMSOEDIEN**     **PETITIONER**

v.     **CIVIL ACTION NO. 5:15cv124-KS-MTP**

**DAVID BERKEBILE,**
**CI Adams County Warden**     **RESPONDENT**

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the *pro se* Petition of Madjied Ali Samsoedien for a writ of habeas corpus under 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## BACKGROUND

On September 15, 2006, Petitioner was sentenced by the United States District Court for the Southern District of Florida to a two hundred (210) month term of imprisonment and two years of supervised release after being found guilty by a jury of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h)(Conspiracy to Violate 18 U.S.C. § 1956(a)(1)). *see* ([1] at 2.); *See United States v. Madjied Samsoedien*, 1:05-cr-20652-CMA, ECF Nos. 201 and 300 (S.D. Fla. 2006). Petitioner has previously filed appeals and habeas petitions on various grounds in the Eleventh Circuit, all of which were denied. *United States v. Karrsenhout*, 267 F. App'x 873, 874 (11th Cir. 2008); *Samsoedien v United States*, 1:09-cv-21777-CMA (S.D. Fla. 2009); *In re Samsoedien*, No 15-14882 (11th Cir. 2015)(denying leave to file successive 2255 petition)(*see* Exhibit [9-1] in pending action).

On December 22, 2015, Petitioner filed the instant Petition for Habeas Relief under 28 U.S.C. § 2241 in this Court. *See* Petition [1]. In order to clarify his petition, the Court ordered him to use the form for a petition for habeas relief under 28 U.S.C. § 2241 petition for habeas

1

relief. *See* Order [3]; Petition [4]. Petitioner purports to bring his habeas claims and grounds through the savings clause. He argues that since his conviction, the Supreme Court in *Cuellar v. United States*, 553 U.S. 550 (2008) narrowed the scope of the federal money laundering statute and that based on that retroactive decision he was convicted of a now non-existent crime. *See* Petition [1] at 3-4.

## ANALYSIS

As is well-established, section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing. *See Pack v. Yusuff*, 218 F.3d 448, 451–52 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) ("28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred before or during sentencing.")

There is, however, a "back door" to Section 2255 known as the "savings clause" which allows a Section 2241 petition under certain limited circumstances. "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e)(emphasis added). Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction-thereby effectively acting as a section 2255 motion-may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452 (citations omitted).

The "inadequacy or inefficacy requirement is stringent." *Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). A Section 2241 petition is not a substitute for a Section 2255 motion, and Petitioner bears the heavy burden of establishing the inadequateness or ineffectiveness of the Section 2255 remedy. *Pack*, 218 F.3d at 452. Courts find a remedy under Section 2255 to be inadequate or ineffective "only in extremely limited circumstances." *Pack*, 218 F.3d at 452 (citation omitted).

To satisfy the requirements of the savings clause, Petitioner must demonstrate that (1) he raises a claim "that is based on a retroactively applicable Supreme Court decision," (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in [P]etitioner's trial, appeal or first § 2255 motion," and (3) the retroactively applicable decision establishes that "the [P]etitioner may have been convicted of a nonexistent offense" or, in other words, the Petitioner may be actually innocent. *Reyes–Requena*, 243 F.3d at 904.

Petitioner meets the first requirement because *Cuellar* is indeed a "new" Supreme Court decision that substantially defines a criminal offense. *See Garland*, 615 F.3d at 396 ("[O]ur case law establishes that new decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively.").

However, Petitioner fails to satisfy the second requirement. Any arguments regarding *Cuellar* were not foreclosed when his first section 2255 motion was filed. *Cuellar* was decided on June 2, 2008, but Petitioner's first section 2255 motion was not filed until June 29, 2009. *See Samsoedien v United States*, 1:09-cv-21777-CMA (S.D. Fla. 2009); *Garland*, 615 F.3d at 396; *Ortiz-Alvear v. U.S. Atty. Gen.*, 429 F. App'x 955, 956 (11th Cir. 2011) (discussing the savings clause as it applies to *Cuellar*, stating that "new substantive rules, including decisions that

3

narrow the scope of a criminal statute by interpreting its terms, generally apply retroactively to cases on collateral review."); *see also United States v. Peter*, 310 F.3d 709, 711 (11th Cir.2002) (stating that "[d]ecisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect."). The petition could be denied for this reason alone, as Petitioner has not demonstrated that his arguments under *Cuellar* were unavailable or foreclosed when his first section 2255 motion was filed.

Moreover, the petition clearly fails on the last factor, as Petitioner cannot demonstrate that *Cuellar* established that he may have been convicted of a "nonexistent offense." Simply put, Petitioner was convicted for conspiring to commit money laundering under a different subsection than the one addressed in *Cuellar*. Verdict, *United States v. Madjied Samsoedien*, 1:05-cr-20652-CMA, ECF No. 201 (S.D. Fla. 2006 June 2, 2006); *United States v. Gaytan*, 74 F.3d 545, 555 (5th Cir.1996); *Garland*, 615 F.3d at 394.

*Cuellar* concerned money laundering convictions under § 1956(a)(2)(B)(i), which prohibits the transfer of unlawful proceeds "knowing that such transportation ... is designed in whole or in part ... to conceal or disguise the nature, the location, the source, the ownership, or the control" of those proceeds. 18 U.S.C. § 1956(a)(2)(B)(i). The Supreme Court held that "[t]he statutory text makes clear ... that a conviction under this provision requires proof that the purpose—not merely effect—of the transportation was to conceal or disguise a listed attribute." *Cuellar*, 553 U.S. at 567. As is obvious from the preceding quotation, the Supreme Court's holding was explicitly limited to "conviction[s] under this provision." *Id.*

However, Samsoedien violated 18 U.S.C. § 1956(h) (conspiracy to launder) by conspiring to launder money in violation of 18 U.S.C. § 1956(a)(1) *not* § 1956(a)(2). 18 U.S.C. §

4

1956(a)(1) prohibits the transfer of unlawful proceeds "with the intent to promote the carrying on of specified unlawful activity." The jury specifically found that he had conspired by "engaging in the financial transaction with the intent to promote the carrying on of specified unlawful activity." Verdict, *United States v. Madjied Samsoedien*, 1:05-cr-20652-CMA, ECF No. 201 (S.D. Fla. 2006 June 2, 2006). Concealment, and the intent to conceal, are not an essential elements of the money laundering conspiracy offense for which Madjied Samsoedien was convicted. *See Macias-Munoz v. Longley*, 2013 WL 3729701, at *2 (S.D. Miss. July 15, 2013) (citing *Ledee v. United States*, 2011 WL 4101515, *3 (M.D. Ala. June 9, 2011)); *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009)( "Even if *Cuellar* applies to [Petitioner's]" conviction under different subsection, "it has no impact on his conviction. . . for laundering money "with the intent ... to promote the carrying on of specified unlawful activity.")

The *Cuellar* Court expressly limited its holding to money laundering convictions under subsection 1956(a)(2), but Samsoedien was found guilty of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h) for conspiring to commit subsection 1956(a)(1). Thus, the holding in *Cuellar* does not allow Petitioner to utilize the savings clause. *See Demarest*, 570 F.3d at 1242. For these reasons, the instant 2241 habeas corpus petition should be denied.

## RECOMMENDATION

Accordingly, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     This the 11th day of June, 2018.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge