# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MADJIED ALI SAMSOEDIEN**                                     **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 5:15-CV-124-KS-MTP**

**DAVID BERKEBILE,**
**CI Adams County Warden**                                            **RESPONDENT**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This matter is before the Court on the Report and Recommendation [13] of Magistrate Judge Michael T. Parker and the Objection [16] filed by Madjied Ali Samsoedien ("Petitioner") as to the Report and Recommendation. The above captioned case was referred to Judge Parker pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). After a thorough review of both the record and the objection filed in this case, the Court finds as follows:

### I. BACKGROUND

The facts of this case are set out in detail in the Report and Recommendation [13] of Magistrate Judge Parker. For the purposes of this Court's review, the relevant facts are thus:

On June 1, 2006, a jury in the United States District Court for the Southern District of Florida convicted Petitioner of two counts of violating 18 U.S.C. § 1956(h): conspiracy to violate 18 U.S.C. § 1956(a)(1) and conspiracy to violate 18 U.S.C. § 1957. *United States v. Samsoedien*, No. 1:05-cr-20652-CMA-1, ECF No. 201 (S.D. Fla. June 1, 2006). On September 15 of that same year, Petitioner was sentenced to 210 months imprisonment, two years of supervised release, and a $100 special assessment. *Id.*, ECF No. 300. Petitioner filed this Petition [1] for a writ of habeas corpus under 28 U.S.C. § 2241 on December 22, 2015. Judge Parker entered his Report and Recommendation [13] on June 11, 2018. In his Report and Recommendation [13], Judge Parker

construed Petitioner's § 2241 motion as a § 2255 motion through the "savings clause," since Petitioner claimed that a retroactive Supreme Court decision rendered his conviction void. Judge Parker recommended that the petition should be denied, as the petition did not meet the requirements of the savings clause. Petitioner timely filed his Objection [16] on July 24, 2018.

In his Objection [16], Petitioner raises five main issues: (a) that Judge Parker incorrectly reviewed his petition in light of the savings clause; (b) that he is actually innocent; (c) that newly discovered evidence exists; (d) that cumulative errors, bias, and prejudice occurred in the trial proceedings; and (e) that the sentencing was fundamentally defective.

## II. STANDARD OF REVIEW

The Court has concluded its review of the Report and Recommendation [13] and Petitioner's Objection [16]. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a *de novo* review of the portions of the report and recommendation to which the objection is made. Since he timely objected, Petitioner is entitled to a review of his objection by an Article III judge. *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991).

This Court's review comes with several qualifications. First, the Court is not required to merely rehash the findings of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). The Court will not consider objections that are frivolous, conclusive, or general. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997). Finally, since a regurgitation of arguments from the original petition is not an objection in fact, the Court will not consider such arguments. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. ANALYSIS

As stated above, Petitioner advances multiple claims in his Objection [16]. The Court will address these claims in turn.

2

**A.      Savings Clause Claim**

Petitioner claims that the Supreme Court's decision in *Regalado Cuellar v. United States,* 553 U.S. 550, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008), narrows the scope of his offense so that he was convicted of a non-existent crime, and that the decision applies retroactively to his case. Thus, Petitioner brings this claim through 28 U.S.C. § 2255(e), also known as the "savings clause." *Samsoedien v. Berkebile*, No. 5:15-cv-124-KS-MTP, ECF No. 1, at 3-4. In order to successfully bring a petition under the savings clause, the petitioner must show that his claim is "(i)…based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii)…was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

First, Petitioner is correct in that *Regalado Cuellar* applies retroactively to his case: it interpreted a federal statute (18 U.S.C. § 1956(a)(2)(B)(i)) that substantively defines a criminal offense (money laundering). *Regalado Cuellar*, 553 U.S. at 554, 128 S. Ct. 1994; *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010). However, *Regalado Cuellar* does *not* establish that Petitioner may have been convicted of a nonexistent offense. Petitioner was convicted of two counts of violating 18 U.S.C. 1956(h): conspiracy to violate 18 U.S.C. § 1956(a)(1) and conspiracy to violate 18 U.S.C. § 1957. *Regalado Cuellar* interpreted 18 U.S.C. § 1956(a)(2)(B)(i), a statutory section of which Petitioner was not convicted.

Petitioner, in his Objection [16], argues that *Regalado Cuellar* does in fact apply to the statutory sections under which he was convicted. ECF No. 16 at 16-20. *Regalado Cuellar*, however, interpreted 18 U.S.C. § 1956(a)(2)(B)(i) in order to find the necessary mens rea as to that subsection's *concealment* element. *Regalado Cuellar*, 553 U.S. at 553, 128 S. Ct. 1994.

3

Concealment is not an essential element of the crime of which Petitioner was convicted. *See* 18 U.S.C. § 1956(h). Additionally, concealment is not an essential element of the substantive offenses that Petitioner conspired to commit. *See* 18 U.S.C. § 1956(a)(1); § 1957. Put simply, *Regalado Cuellar*'s holding, though retroactive, does not show that Petitioner may have been convicted of a nonexistent crime.

Further, Petitioner also fails the second prong of the savings clause: that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." For the purposes of the savings clause, "foreclosed" means "excluded by prior controlling case law." *Garland*, 615 F.3d at 397-98 (quoting *Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007)). Petitioner first filed a motion under 21 U.S.C. § 2255 in 2009. *Samsoedien v. United States*, No. 1:09-cv-21777-CMA, ECF No. 1. In his Objection [16], Petitioner claims that at the time of the 2009 motion, he "had a rogue lawyer" and that the applicability of *Regalado Cuellar* "didn't cross his mind." ECF No. 16, at 8. Clearly, Petitioner has not demonstrated that his claim was foreclosed by circuit law at the time of this motion.

Thus, this Court finds that Petitioner's claim does not meet the requirements of the savings clause.

**B.     Additional Claims**

Petitioner's entire motion must be analyzed through the lens of the savings clause. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (stating that "a section 2241 petition that seeks to challenge a federal sentence or conviction-thereby effectively acting as a section 2255 motion- may only be entertained when the petitioner establishes that the remedy provided for under section

4

2255 is inadequate or ineffective;" and that the "inadequate or ineffective" language constitutes the savings clause).

None of Petitioner's remaining claims, stated above as claims (b)-(e), satisfy any of the requirements of the savings clause. The only retroactive Supreme Court case even arguably applicable to his case that Petitioner has produced is *Regalado Cuellar*, which the Court addressed above. Additionally, these claims are not an objection in fact to any of the findings of the Magistrate Judge in his Report and Recommendations. As such, these claims are without merit and the Court will not address them. *Edmond*, 8 F.3d at 293.

### IV. CONCLUSION

The Court has concluded its *de novo* review required by 28 U.S.C. § 636(b)(1). For the reasons set forth above, this Court finds that Petitioner's objections are without merit and must be overruled. Further, the Court finds that the Report and Recommendations of the Magistrate Judge are the correct statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Madjied Ali Samsoedien's claim is **dismissed with prejudice**.

SO ORDERED, this, the 2nd day of August, 2018.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE